UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOE STRINGHAM,

        Plaintiff,

v.                                      Case No. 6:13-cv-1587-Orl-37KRS

2921 ORLANDO DRIVE LLC; and LA
BELLA INVESTMENT, INC.,

        Defendants.

## ORDER

This cause is before the Court on the following:

1. Motion to Dismiss (Doc. 25), filed April 4, 2014;

2. Plaintiff's Response in Opposition to Motion to Dismiss or, in the Alternative, for Leave to Amend and Incorporated Memorandum of Law (Doc. 29), filed April 18, 2014;

3. Defendant La Bella Investment, Inc.'s Motion to Dismiss (Doc. 32), filed May 6, 2014; and

4. Plaintiff's Response in Opposition to Motion to Dismiss [DE32] or, in the Alternative, Motion for Leave to Amend (Doc. 33), filed May 6, 2014.

Upon consideration, the Court finds that Defendants' motions are due to be granted and the Second Amended Complaint is due to be dismissed without prejudice.

## BACKGROUND

Plaintiff is a disabled individual who lives in Apopka and functions as a "tester" for the Americans with Disabilities Act ("ADA"). (Doc. 15, ¶¶ 1, 9.) Defendants own and operate a shopping plaza and supermarket in Sanford. (*Id.* ¶ 2.) Plaintiff alleges that

either: (1) he visited Defendants' property and encountered certain barriers; or (2) "[i]n the alternative," he is an ADA tester. (*Id.* ¶¶ 8–9.) The complaint provides a list of alleged ADA violations (*id.* ¶ 7), but does not state if, when, how, or exactly where in the shopping center Plaintiff encountered the barriers. Defendants moved to dismiss the complaint for failure to adequately allege standing and failure to state a claim. (Docs. 25, 32.) Plaintiff opposed. (Docs. 29, 33.) This matter is now ripe for the Court's adjudication.

## STANDARDS

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations" in the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

To demonstrate standing and thus subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and the defendant's action; and (3) that the injury is redressable. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). To obtain injunctive relief, the plaintiff must also show that there is a real and immediate threat of future injury. *Id.* "On defendants' motion to dismiss we must evaluate standing based on the facts alleged in the complaint, and we may not speculate concerning the existence of standing

or piece together support for the plaintiff." *Id.* (citation and internal quotation marks omitted).

**DISCUSSION**

First, the Court must unfortunately address a troubling carelessness in briefing which is characteristic of this particular Plaintiff and his counsel, Ms. Jeannette Albo and Mr. Thomas Bacon. To take an example, Plaintiff's response quotes the purported standard for motions to dismiss as follows: "In this regard, '[a] complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Doc. 29, p. 4 (quoting *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007)).) This citation is inexplicable, as the "no set of facts" standard relied on in *Local 15* and set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), has been firmly discredited by the U.S. Supreme Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Far more troublesome, however, is the fact that this exact citation error has been pointed out to this Plaintiff and his counsel before on multiple occasions. *See Stringham v. Ramco USA Dev. Corp.*, No. 6:13-cv-1590, Doc. 17, p. 2 n.1 (M.D. Fla. Dec. 31, 2013) (Antoon, J.) (noting counsel's inappropriate reliance on overturned *Conley* language); *Stringham v. Apopka Shopping Ctr. LLP*, No. 6:13-cv-1410, Doc. 17, pp. 1–2 n.1 (M.D. Fla. Dec. 31, 2013) (Antoon, J.) (same). Nevertheless, Plaintiff continues to use this language in his briefing. Plaintiff's status as a tester does not give him and his counsel carte blanche to cite outdated case law and to ignore the orders of the U.S. District Court. Plaintiff, Ms. Albo, and Mr. Bacon are on notice that this kind of slipshod practice is frankly unacceptable.

Similarly, Plaintiff's Second Amended Complaint is insufficient for the very same

reasons set forth by Judge Antoon in those previous cases, all of which appear to be based on a form complaint. Plaintiff's position is predicated on a willful misreading of *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013). Contrary to Plaintiff's assertions, *Houston* does not stand for the proposition that "Mr. Stringham's status as a 'tester' provides him standing to sue under Title III of the ADA." (Doc. 29, p. 7.) Rather, all *Houston* holds is that a plaintiff's status as a tester "does not foreclose standing" in itself. 733 F.3d at 1334. In fact, *Houston* says the opposite of what Plaintiff claims: "But th[e] conclusion [that the plaintiff is a tester] alone is not enough." *Id.* "Each plaintiff must establish standing on the facts of the case before the court. That is equally as true about a regular customer of a public accommodation as it is for a tester . . . ." *Id.* at 1340.

As Judge Antoon noted, Plaintiff's complaint fails to establish standing because it does not allege when (if at all) Plaintiff visited the property and which barriers he actually encountered. *See Ramco*, No. 6:13-cv-1590, Doc. 17, p. 3. The failure is particularly glaring in this case because the property is a shopping plaza with many independent units, and it is not at all clear where the alleged barriers are or which stores Plaintiff may have visited. (*See* Doc. 25, p. 6.) A laundry list of alleged barriers together with the barest allegation that Plaintiff either encountered some barrier *or* is a tester is simply insufficient to show an injury-in-fact, even under *Houston*.

Further, the complaint fails to allege any specifics about Plaintiff's intent to return to the property—he merely states that he "desires" to visit again. (Doc. 15, ¶ 14.) "Such 'some day' intentions—without any descriptions of concrete plan, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or

4

imminent' injury that our cases require." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). Plaintiff must clearly allege his plans to return and his likelihood of future injury in the complaint to be entitled to injunctive relief.[1]

Plaintiff needs to articulate facts sufficient to demonstrate that he actually suffered an injury-in-fact and will do so again in the future; relying on his tester status alone is not enough. The complaint is therefore due to be dismissed for failure to adequately allege standing. Although Plaintiff is on his Second Amended Complaint, the pleadings in this case have not yet been subject to an examination on standing grounds; the previous pleadings were refiled for other reasons and were not tested by motions to dismiss. (*See* Doc. 29, p. 12.) Thus, the Court will dismiss the complaint without prejudice and grant Plaintiff one final chance to amend to attempt to establish standing.

The Court reiterates the crucial point of this Order: continuing to file form complaints which have already been found inadequate is an inappropriate waste of the Court's time and likely implicates counsel's Rule 11 obligations.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Dismiss (Doc. 25) is **GRANTED**.

2. Defendant La Bella Investment, Inc.'s Motion to Dismiss (Doc. 32) is

---

[1] Though Plaintiff states in his responses to the Court's interrogatories that he did actually visit the area in February 2013 and plans to return "in a few months" (Doc. 9, ¶¶ 3, 4a), that information is not within the four corners of the complaint, and the Court should not have to go searching through the record to find allegations to make the complaint sufficient on its face. *See Ramco*, No. 6:13-cv-1590, Doc. 17, p. 4 (noting that specific allegations about plans to return should be included in the complaint itself, not just in interrogatories); *see also Shotz,* 256 F.3d at 1081 (noting that courts need not "piece together support" for standing allegations).

       **GRANTED**.

3. The Second Amended Complaint (Doc. 15) is **DISMISSED WITHOUT PREJUDICE**.

4. On or before Tuesday, June 10, 2014, Plaintiff has leave to file a Third Amended Complaint consistent with the strictures in this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 27, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record