**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOE STRINGHAM,

        Plaintiff,

v.                                            Case No. 6:13-cv-1587-Orl-37KRS

2921 ORLANDO DRIVE LLC; and LA
BELLA INVESTMENT, INC.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Motion to Dismiss (Doc. 38), filed June 26, 2014;

2. Defendant La Bella Investment, Inc.'s Motion to Dismiss (Doc. 42), filed July 8, 2014; and

3. Plaintiff's Opposition to Motions to Dismiss and Incorporated Memorandum of Law (Doc. 48), filed July 18, 2014.

Upon consideration, the Court finds that Defendants' motions are due to be denied.

**BACKGROUND**

Plaintiff is a disabled individual who lives in Apopka and functions as a "tester" for the Americans with Disabilities Act ("ADA"). (Doc. 35, ¶¶ 1, 9.) In his Third Amended Complaint, Plaintiff alleges that on February 13, 2013, he visited a shopping plaza in Sanford to eat at a Chinese restaurant and shop at a supermarket. (*Id.* ¶ 8.) Plaintiff uses a wheelchair to ambulate, and during his visit he encountered several barriers that were noncompliant with ADA standards. (*Id.* ¶¶ 1, 7.) Accordingly, Plaintiff brought this ADA discrimination action against Defendants—the owner and the operator of the plaza—and

seeks an injunction requiring removal of the barriers. (*Id.* ¶¶ 2, 10–17.) Plaintiff represents that he travels through the greater Orlando area daily and would shop at the plaza but for the barriers. (*Id.* ¶ 8.)

Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim.[1] (Docs. 38, 42.) Plaintiff opposes. (Doc. 48.) The matter is now ripe for the Court's adjudication.

## STANDARDS

Challenges to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: facial attacks and factual attacks. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013).

> Facial attacks to subject matter jurisdiction require the court merely to look and see if the plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. However, in a factual challenge to subject matter jurisdiction, a district court can consider extrinsic evidence such as deposition testimony and affidavits. In so doing, a district court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff.

*Id.* at 1335–36 (citation and internal quotation marks omitted). For a court to have subject matter jurisdiction over an action, the plaintiff must have standing. *See DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301–02 (11th Cir. 2008). To demonstrate standing, a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and the defendant's action; and (3) that the injury is redressable. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). To obtain injunctive relief, the plaintiff must also show that there is a real and immediate threat of future injury. *Id.*

---

[1] Defendant La Bella Investment, Inc. adopted Defendant 2921 Orlando Drive LLC's motion to dismiss (Doc. 38) as its own. (Doc. 42.)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations" in the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendants move to dismiss Plaintiff's Third Amended Complaint on three grounds. (Doc. 38, pp. 4–10.) First, they raise a facial challenge to Plaintiff's standing under Rule 12(b)(1), arguing that Plaintiff has inadequately alleged an injury-in-fact. (*Id.* at 4–5.) Second, they argue that Plaintiff has failed to state an ADA discrimination claim because his allegations as to the challenged barriers' removability are overly conclusory. (*Id.* at 6.) Third, they raise a Rule 12(b)(1) factual challenge to Plaintiff's standing to seek injunctive relief, arguing that he has not demonstrated a real and substantial threat of future harm. (*Id.* at 6–10.) The Court disagrees with each contention.

First, Plaintiff has adequately alleged injury-in-fact. Title III of the ADA prohibits owners of "place[s] of public accommodation" from discriminating against disabled persons by denying them equal access to their facilities. 42 U.S.C. § 12182(a). An owner's "failure to remove architectural barriers . . . where such removal is readily achievable" qualifies as discrimination. *Id.* § 12182(b)(2)(A)(iv). For standing purposes, when a person

encounters a discriminatory barrier, he "has suffered injury in precisely the form the statute was intended to guard against." *See Houston*, 733 F.3d at 1332. Here, Plaintiff alleges that his disability confines him to a wheelchair, he identifies the location of each barrier that he encountered as he moved through the plaza, and he provides the precise provision of the ADA's implementing regulations that each barrier allegedly violates. (Doc. 35, ¶¶ 7–8.) That is more than is required to allege injury in an ADA discrimination claim.

Second, Plaintiff adequately alleges the removability of the challenged barriers. (*See id.* ¶ 7.) Removability need not be pled with specificity. *See, e.g.*, *Lugo v. 141 NW 20th St. Holdings, LLC*, 878 F. Supp. 2d 1291, 1295 (S.D. Fla. 2012). To the contrary, the determination of whether a barrier is readily removable is a fact-intensive inquiry requiring examination of information that plaintiffs ordinarily do not have at the pleading stage. *See Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272–73 (11th Cir. 2006) (discussing ten factors a court should consider in determining whether removal of a barrier is "readily achievable," including "the overall financial resources of the facility or facilities involved" and the "impact of [removal] upon the operation of the facility"); *see also Lugo*, 878 F. Supp. 2d at 1295 (reasoning that it would be impossible at the pleading stage "to provide additional specificity regarding the nature and cost of the action needed to remedy the violations and the overall financial resources of [a defendant]").

Third, Plaintiff has standing to seek injunctive relief. Standing for injunctive relief requires a real and immediate threat of future injury. *See Shotz*, 256 F.3d at 1081. To demonstrate such a threat in the context of an ADA discrimination action, a plaintiff must show that he has "concrete plans" to return to the location of the challenged barriers.

4

*Houston*, 733 F.3d at 1340. In the instant case, Plaintiff represents that his daily travels through the greater Orlando area place him in the vicinity of Defendants' shopping plaza and that he will shop there within the next few months if the challenged barriers are removed. (Doc. 35, ¶ 8.) He further avers that, at least monthly, he travels within two miles of the plaza to shop at a nearby flea market, see doctors, and visit his assigned Social Security office. (Doc. 48-1, ¶ 6.) Those plans—which are detailed and within Plaintiff's control—establish standing to pursue injunctive relief under the U.S. Court of Appeals for the Eleventh Circuit's precedent. *See Houston*, 733 F.3d at 1336 (finding similar affidavit evidence sufficient to establish a plaintiff's ADA standing). Defendants argue that Plaintiff's plans are not credible because Plaintiff is an admitted tester who "has filed approximately 36 similar cases" in this Middle District over the past thirteen months. (Doc. 38, pp. 9–10.) The law is clear, however, that "the tester motive behind [a plaintiff's] past and future visits to [a facility] does not preclude his having standing to sue for invasions of his legal rights under §§ 12182(a)." *Houston*, 733 F.3d at 1332.

In sum, Plaintiff has adequately alleged standing and stated an ADA discrimination claim, and therefore Defendants' motions are due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Dismiss (Doc. 38) is **DENIED**.
2. Defendant La Bella Investment, Inc.'s Motion to Dismiss (Doc. 42) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 14, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record